## STANDARD MILLING CO.
v.
## LEOMPORRA et al.
### No. 11165.

United States Court of Appeals
Third Circuit.

Argued Jan. 7, 1954.

Decided Jan. 20, 1954.

formula which we are told is standard in the milling industry. We do not find any difficulty with the formula, which, in the absence of pertinent Pennsylvania authority, is to be upheld as a proper way of stipulating the damages in such a transaction as the one concerned here. See Consolidated Flour Mills Co. v. File Bros. Wholesale Co., 10 Cir., 1940, 110 F. 2d 926, and cases cited therein.

The judgment of the district court will be affirmed.

Frank Carano, Philadelphia, Pa., for appellants.

David Rosen, Philadelphia, Pa. (Goff & Rubin, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, STALEY and HASTIE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for the plaintiff in an action brought for violation of contract to purchase flour. The plaintiff claims that although the buyers executed a formal sales contract with the seller neither party meant to make a bargain but instead intended to create the appearance of one so that the seller could get a larger quota of wheat at a time when supplies were restricted. There is some testimony which supports this conclusion. On the other hand there are sales contracts and invoices in evidence which show that the defendants made several purchases under the terms of the contract while simultaneously buying the same type of flour from plaintiff under other orders at a price more favorable than the earlier contract price. We agree, therefore, with the conclusion of the district judge that the parties did contract. We likewise agree with his conclusion that there was no fraud sufficient to make any defense for the buyers although there is some testimony that plaintiff's representatives were a bit overeager in assisting the defendants to make clear their repudiation of the contract.

Defendants complain of the measure of damages, a rather elaborate